

# Notice of Service of Process

**null / ALL**
**Transmittal Number: 30838944**
**Date Processed: 02/19/2025**

| | |
|---|---|
| **Primary Contact:** | State Farm Enterprise SOP<br>Corporation Service Company- Wilmington, DELAWARE<br>251 Little Falls Dr<br>Wilmington, DE 19808-1674 |
| **Entity:** | State Farm Fire and Casualty Company<br>Entity ID Number  3461650 |
| **Entity Served:** | State Farm Fire And Casualty Company |
| **Title of Action:** | Jared Guilliot vs. State Farm Fire And Casualty Company |
| **Matter Name/ID:** | Jared Guilliot vs. State Farm Fire And Casualty Company (16921093) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | 15th Judicial District for Lafayette, LA |
| **Case/Reference No:** | C-20250665 K |
| **Jurisdiction Served:** | Louisiana |
| **Date Served on CSC:** | 02/19/2025 |
| **Answer or Appearance Due:** | 21 Days |
| **Originally Served On:** | LA Secretary of State on 02/14/2025 |
| **How Served:** | Certified Mail |
| Sender Information: | Hair Shunnarah Trial Attorneys, LLC D/B/A Insurance Claim Hq D/B/A Insurance Claim Lawyers, Inc.<br>504-684-5200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

**Exhibit A**

# State of Louisiana
## Secretary of State

02/17/2025

Legal Services Section
P.O. Box 94125, Baton Rouge, LA 70804-9125
(225) 922-0415

STATE FARM FIRE & CASUALTY COMPANY
STATE FARM INSURANCE COMPANIES
C/O CORPORATION SERVICE COMPANY
450 LAUREL STREET, 8TH FLOOR
BATON ROUGE, LA 70801

Suit No.: 20250665
15TH JUDICIAL DISTRICT COURT
LAFAYETTE PARISH

JARED GUILLIOT, ET AL
vs
STATE FARM FIRE & CASUALTY COMPANY

Dear Sir/Madam:

I am enclosing a citation served in regard to the above entitled proceeding. If you are not the intended recipient of this document, please return it to the above address with a letter of explanation. All other questions regarding this document should be addressed to the attorney that filed this proceeding.

Yours very truly,

NANCY LANDRY
Secretary of State

Served on: NANCY LANDRY
Served by: B GARAFOLA

Date: 02/14/2025
Title: DEPUTY SHERIFF

No: 1352301



KC



LAFPC.CV.68992106

Requested by Atty.: TOPP, LINDSEY A

# CITATION

| | |
|---|---|
| **JARED GUILLIOT, ET AL** | **15TH JUDICIAL DISTRICT COURT** |
| **VS** | **DOCKET NUMBER: C-20250665 K** |
| **STATE FARM FIRE & CASUALTY CO** | **PARISH OF LAFAYETTE, LOUISIANA** |
| **STATE OF LOUISIANA** | **SERVED ON NANCY LANDRY** |

TO:  STATE FARM FIRE AND CASUALTY COMPANY
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS:
LOUISIANA SECRETARY OF STATE
8585 ARCHIVES AVE.
BATON ROUGE, LA 70809

FEB 14 2025

SECRETARY OF STATE
COMMERCIAL DIVISION

SERVICE COPY

of the Parish of E. Baton Rouge

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within twenty-one (21) days after the service hereof, except as provided for by law. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.
WITNESS THE HONORABLE JUDGES OF SAID COURT, this FEBRUARY 4, 2025.

_____
Deputy Clerk of Court
Lafayette Parish

**THE CLERK OF COURT'S STAFF CANNOT PROVIDE LEGAL ADVICE.**

*Attached are the following documents:
**PETITION FOR DAMAGES AND DEMAND FOR JURY TRIAL**

---

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _____, 20_____ TIME: _____

SERVED: _____

PERSONAL ( ) _____

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE    MOVED ( )    NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $_____    MILEAGE $_____    TOTAL $_____

DEPUTY _____

Lafayette Parish
Filed Jan 31, 2025 12:05 PM
Kireston Batiste
Deputy Clerk of Court
E-File Received Jan 31, 2025 12:00 PM

C-20250665
K

## 15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE

## STATE OF LOUISIANA

NO. _____                                                    DIV. " "

### JARED GUILLIOT AND CHELSEA GUILLIOT

### VERSUS

### STATE FARM FIRE AND CASUALTY COMPANY

FILED: _____                    _____
                                                  **DEPUTY CLERK**

### PETITION FOR DAMAGES AND DEMAND FOR JURY TRIAL

**NOW INTO COURT**, through undersigned counsel, come Petitioners, Jared Guilliot and Chelsea Guilliot ("Petitioners"), and file their Petition for Damages and Demand for Jury Trial against Defendant, State Farm Fire and Casualty Company ("State Farm"), respectfully averring as follows:

#### I. PARTIES

**1.**

Made Plaintiff herein is **JARED GUILLIOT**, an adult resident of the Parish of Lafayette, State of Louisiana.

**2.**

Made Plaintiff herein is **CHELSEA GUILLIOT**, an adult resident of the Parish of Lafayette, State of Louisiana.

**3.**

Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, upon information and belief, a foreign insurer authorized to do and doing business in the State of Louisiana and the Parish of Lafayette, which may be served through the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

#### II. JURISDICTION AND VENUE

**4.**

Jurisdiction is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure, Article 2.

**5.**

Venue is proper in this Honorable Court pursuant to Louisiana Code of Civil Procedure



Certified True and Correct Copy
CertID: 2025020400151

Lafayette Parish
Deputy Clerk Of Court

Generated Date:
2/4/2025 10:13 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Articles 42 and 23.

### III. RELEVANT FACTS

**6.**

At all relevant times, Petitioners owned the property located at 209 East Greenhill Circle, Broussard, Louisiana 70518 (the "Property").

**7.**

At all relevant times, State Farm provided a policy of insurance, number 18-CA-A422-0 (the "Policy"), to Petitioners, which covered the Property against perils including windstorms and provided the following coverages: $636.700.00 for Dwelling; $63.670.00 for Other Structures; $477.525.00 for Personal Property; $191.010.00 for Loss of Use; *inter alia.*

**8.**

On or about December 4, 2023, a windstorm caused extensive damage to the Property.

**9.**

Petitioners promptly reported the loss to State Farm, who assigned it claim number 18-62X3-44N.

**10.**

On or about February 13, 2024, Defendant inspected the Property and thereafter created an estimate dated June 13, 2024 documenting damages to the dwelling related to the loss, but after over-depreciating the loss and applying the Policy's deductible, Defendant allowed Petitioners just $2,294.82 for their substantial dwelling losses.

**11.**

This inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**12.**

Upon realizing that Defendant would not adjust their claim fairly or accurately, Petitioners retained Shingle Solutions, LLC ("Shingle Solutions") to inspect the Property and document their findings.

**13.**

On or about September 23, 2024, Shingle Solutions inspected the Property on behalf of Petitioners and created an estimate documenting $78,484.59 in damages to the dwelling.

Certified True and Correct Copy
CertID: 2025020400151
Lafayette Parish
Deputy Clerk Of Court
Generated Date: 2/4/2025 10:13 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**14.**

On October 1, 2024, a demand for the release of unconditional tenders was sent to Defendant, along with the Shingle Solutions, LLC estimate and photographs demonstrating the loss.

**15.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**16.**

On October 18, 2024, Petitioners, via undersigned counsel, provided Defendant with an NTS Roofing Shingle Identification Report documenting that the shingles currently on Petitioners' dwelling have been discontinued and are no longer in production, along with guidance from the shingle manufacturer specifying that the manufacturer does not allow mixing of current shingle products with the discontinued shingles on Petitioner's roof, and requested that Defendant issue supplemental payment for the full replacement of the dwelling roof covering.

**17.**

To date, no further insurance proceeds have been forthcoming.

**18.**

Petitioners were unable to make meaningful repairs to their Property with the meager proceeds allowed by Defendant.

**19.**

As a result of Defendant's failure to timely and adequately compensate Petitioners for their substantial losses, the Property remains in a state of disrepair.

**20.**

As a result of Defendant's failure to timely and adequately compensate Petitioners for their covered loss, they were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

**21.**

Upon information and belief, Defendant's failure to timely and adequately compensate Petitioners for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

Certified True and Correct Copy
CertID: 2025020400151
Lafayette Parish
Deputy Clerk Of Court
Generated Date: 2/4/2025 10:13 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**22.**

Upon information and belief, Defendant purposely and/ or negligently misrepresented to Petitioners the terms and conditions of the Policy.

**23.**

Upon information and belief, Defendant conducted the investigation and claims handling for Petitioner's claims in bad faith, as that term is used in conjunction with Louisiana's bad faith statutes, La. R.S. §§ 22:1892 and 22:1973.

**24.**

Upon information and belief, Defendant manipulated its pricing software to artificially suppress the cost of repairs below market value.

**25.**

Upon information and belief, Defendant purposely or at least negligently failed to include adequate overhead and profit in its estimate of damages.

**26.**

Petitioners have incurred or will incur additional expenses in repairing the Property as a result of Defendant's failure to timely compensate them for their substantial and covered losses.

**27.**

Petitioners have incurred or will incur professional expenses, including attorney's fees, to determine that Defendant wrongfully failed to adequately/ timely pay on their claims under the Policy.

### IV. CAUSES OF ACTION

#### A. Breach of the Insurance Contract

**28.**

Petitioners reallege and re-aver the allegations contained in the above paragraphs, as if restated herein.

**29.**

Despite having adequate proof of loss, Defendant failed to timely tender adequate funds under the Policy.

**30.**

An insurance contract, the Policy, exists between Petitioners and Defendant.

**31.**

Guilliot v. State Farm, 15th JDC, New Suit
Petition for Damages, Page **4** of **7**



Certified True and Correct Copy
CertID: 2025020400151

Lafayette Parish
Deputy Clerk Of Court

Generated Date:
2/4/2025 10:13 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

By purposely and/ or negligently failing to timely tender undisputed insurance proceeds, Defendant breached the insurance contract.

**32.**

By purposely and/ or negligently misrepresenting to Petitioners the terms and conditions of the relevant Policy, Defendant breached the insurance contract.

**33.**

By conducting the investigation and claims handling in bad faith, Defendant breached the insurance contract.

**34.**

By failing to adequately compensate Petitioners for damages to the Property, as required by the Policy, Defendant breached the insurance contract.

**35.**

Petitioners have suffered and continue to suffer damages as a result of these breaches of the insurance contract.

### B. Bad Faith

**36.**

Petitioners reallege and re-aver the allegations contained in the above paragraphs as if restated herein.

**37.**

The actions and/ or inactions of Defendant in failing to adequately compensate Petitioners for the covered losses under the Policy were arbitrary, capricious, and without probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making Defendant liable for statutory bad faith penalties.

**38.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious, or without probable cause is in violation of La. R.S. § 22:1973.

**39.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is

Guilliot v. State Farm, 15th JDC, New Suit
Petition for Damages, Page 5 of 7


Certified True and Correct Copy
CertID: 2025020400151

Lafayette Parish
Deputy Clerk Of Court

Generated Date:
2/4/2025 10:13 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**40.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**41.**

Defendant is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Petitioners adequate payment in connection with their damages, despite having received satisfactory proof of loss following its own inspection(s) of the Property and following receipt of independent proofs of loss from Petitioners.

**42.**

Defendant's misrepresentation of the terms of the Policy was in bad faith.

**43.**

Defendant's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claim(s) was in bad faith.

**44.**

Defendant's handling of Petitioners' claim was in bad faith.

## V. DAMAGES

**45.**

Petitioners reallege and re-aver the allegations contained in paragraphs above, as if restated herein.

**46.**

As a result of Defendant's breaches of contract, bad faith claims adjusting, and other bad acts, Petitioners have incurred the following, non-exclusive, damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs/ mitigation at the Property;

d. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

e. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

Certified True and Correct Copy
CertID: 2025020400151
Lafayette Parish
Deputy Clerk Of Court
Generated Date: 2/4/2025 10:13 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**47.**

Petitioners request a trial by jury.

**48.**

**WHEREFORE,** Petitioners, Jared Guilliot and Chelsea Guilliot, pray that Defendant, State Farm Fire and Casualty Company, be served with a copy of this Petition and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Petitioners, Jared Guilliot and Chelsea Guilliot, against Defendant, State Farm Fire and Casualty Company, in an amount that will fully and fairly compensate Petitioners pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

*[signature]*

Lindsey A. Topp, La. Bar No. 35577
**HAIR SHUNNARAH TRIAL ATTORNEYS, LLC**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
3001 17th Street
Metairie, Louisiana 70002
Ph: 504-684-5200
Fax: 504-613-6351
ltopp@hstalaw.com

**PLEASE SERVE:**
**STATE FARM FIRE AND CASUALTY COMPANY**
*Through its Registered Agent for Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Certified True and Correct Copy
CertID: 2025020400151
Lafayette Parish
Deputy Clerk Of Court
Generated Date: 2/4/2025 10:13 AM
Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).